IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DORSEY PERKINS**                                                   **PLAINTIFF**

v.                                                          CIVIL ACTION NO. 1:22cv77-SA-RP

**MICHAEL PATRICK, INDIVIDUALLY; AND
SPRUILL PROPERTY MANAGEMENT, LLC**                  **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL DEMANDED**

     **COMES NOW** the Plaintiff, Dorsey Perkins, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under the Fair Labor Standards Act and 42 U.S.C. § 1981 for race discrimination against Defendants, Michael Patrick and Spruill Property Management, LLC. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

     1.    Plaintiff, Dorsey Perkins, is an adult male who resides in Webster County, Mississippi.

     2.    Defendant, Michael Patrick, individually, was a joint employer of Plaintiff and can be served with process at his place of residence, Apt. 32, Yellowjacket Drive, Spruill Property, Starkville, MS 39759.

     3.    Defendant, Spruill Property Management, LLC, was a joint employer of Plaintiff and is a Mississippi limited liability corporation that may be served with process by serving its registered agent: D. Lynn Spruill, 1016 F. Hwy 25 South, Starkville, Mississippi 39759.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over the claims asserted against the Defendants and venue is proper in this Court.

5. Jurisdiction is proper as the claims are brought pursuant to the FLSA and 42 U.S.C. § 1981 to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

## STATEMENT OF FACTS

6. Plaintiff is a 43-year-old black male resident of Webster County, Mississippi.

7. Plaintiff was hired on February 20, 2017, as a Construction Supervisor for Michael Patrick (white male).

8. Mr. Patrick is the head contractor for Spruill Property Management, LLC, and both Mr. Patrick and Spruill Property Management, LLC employed Plaintiff as joint employers of Plaintiff.

9. Mr. Patrick and Spruill Property Management, LLC are employers under the Fair Labor Standards Act as he regularly has at least $500,000 in revenue per year and/or Plaintiff regularly interacts with products that have crossed state lines as part of his employment.

10. Plaintiff typically worked 40-45 hours per week.

11. The arrangement made between Plaintiff and Defendants was that Plaintiff was to be paid a regular rate of $18 per hour.

12. After each week, Plaintiff texted Mr. Patrick how many hours he worked.

13. Mr. Patrick always paid Plaintiff in cash on a weekly basis, and he never gave Plaintiff any pay stubs.

14. Although Plaintiff often worked more than 40 hours per week, Defendants never paid Plaintiff overtime.

15. For the hours over 40 per week, Defendants paid Plaintiff straight pay only.

16. In December 2020, following the incident in Charleston, South Carolina, when white supremacist Dylan Roof shot multiple black people in a church (Dec 2020), Mr. Patrick told Plaintiff, "they [the black congregants] should have stayed home."

17. On or around April 2021, in Plaintiff's presence, Mr. Patrick referred to Black Entertainment Television (BET) and made pejorative statements to the effect that blacks should not have their own television channel.

18. On or around May 2021, again in Plaintiff's presence, Mr. Patrick stated that black people cannot think for themselves, and they need white people to think for them.

19. During or around May 2021, Plaintiff complained to Mr. Patrick about his racially discriminatory comments.

20. Despite Plaintiff's complaint, however, Mr. Patrick continued to make racially discriminatory comments.

21. During late January 2022, in Plaintiff's presence, Mr. Patrick referred to Vice President Kamala Harris, saying, "That black bitch needs to die" and "She fucked her way to the top."

22. After Mr. Patrick made these statements, Plaintiff just walked way.

23. Plaintiff had made complaints about Mr. Patrick's racially discriminatory comments, yet the comments continued, and Plaintiff was subjected to a hostile work environment.

24. Subsequently, on February 19, 2022, Plaintiff felt he had no choice but to constructively discharge himself from the hostile work environment.

25. When he notified Mr. Patrick that he was quitting, Plaintiff stated to Mr. Patrick, "I can't deal with this racially motivated issue you have going on…"

## CAUSES OF ACTION

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 25 above as if fully incorporated herein.

27. Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all overtime hours worked.

28. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

29. Plaintiff has not been properly paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ his regular rate of pay.

30. The acts of the Defendants constitute a willful intentional violation of the Fair Labor Standards Act and entitle Plaintiff to liquidated damages and attorney fees.

## COUNT II: VIOLATION OF 42 U.S.C. § 1981 - RACE DISCRIMINATION

31. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 30 above as though specifically set forth herein.

32. Plaintiff has been discriminated against by the Defendants in the terms and conditions of his employment on the basis of his race, African American.

33. Plaintiff has been harmed as a result of the Defendants' discrimination, and the Defendants are liable to the Plaintiff for the same.

34. The acts of the Defendants constitute a willful intentional violation of 42 U.S.C. § 1981 - race discrimination - and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Overtime wages;
5. Punitive damages;
6. Liquidated damages;
7. A tax gross up and all make whole relief;
8. Attorney's fees;
9. Lost benefits;
10. Pre-judgment and post-judgment interest;
11. Costs and expenses; and
12. Such further relief as is deemed just and proper.

THIS the 26th day of May 2022.

          Respectfully submitted,

          DORSEY PERKINS, Plaintiff

By: /s/Louis H. Watson, Jr.
     Louis H. Watson, Jr. (MB# 9053)
     Nick Norris (MB# 101574)
     Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com